IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

HENRY R. ARTHUR, et al.,       *

     Plaintiffs,            *

          v.                     CIVIL NO.: WDQ-12-3156

                       *
TROJAN HORSE, LTD., et al.,
                       *
     Defendants.
                       *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

    Henry R. Arthur, Kenneth Currence, Salvador Cordero, Eric D. Moseley (collectively, "the Plaintiffs") sued Trojan Horse, Ltd., Glen Burnie Hauling, Inc., (collectively, "the Defendant Companies") and Brian Hicks (collectively, "the Defendants") for violations of the Employee Retirement Income Security Act ("ERISA")[1] and related claims.  Pending are the Defendants' motion to dismiss and supplemental motion to dismiss.  For the following reasons, the Defendants' supplemental motion to dismiss will be granted.  The Defendants' motion to dismiss will be denied as moot.

---

[1] 29 U.S.C. § 1002 et seq.

I.   Background[2]

In 1979, Trojan Horse began hauling mail for the United States Postal Service ("USPS"). ECF No. 1 ¶ 12. Glen Burnie Hauling provides trucking services to the USPS as a "sister company" to Trojan Horse. Id. ¶ 8. The Plaintiffs are employed by the Defendant Companies as drivers on USPS routes. Id. ¶ 7. The Defendant Companies are incorporated in Maryland and maintain principal places of business in Jessup, Howard County, Maryland. Id. ¶10. Hicks "exercises significant control" over the Defendant Companies' operations as "an executive and/or owner of one or both of the Defendant Companies." Id. ¶ 11.

Under the most recent contract between Trojan Horse and the USPS, drivers' compensation is calculated at a rate of $25 per hour. ECF No. 1 ¶¶ 13, 14. About $4.61 of that hourly rate is allocated by the USPS and the Defendant Companies for employee health and welfare benefits. Id. ¶ 15. The principal benefit is a 401(K) retirement income plan established by Trojan Horse for its truck drivers. Id. The Plaintiffs are all participants in the Trojan Horse, Ltd. 401(K) Plan ("the Plan"). Id. ¶ 16. The allocations of wages to the Plan are shown on bi-weekly pay

---

[2] On a motion to dismiss, the well-pled allegations in the complaint are accepted as true. *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). The Court will consider the pleadings, matters of public record, and documents attached to the motions that are integral to the complaint and whose authenticity is not disputed. See *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

stubs, and Plan participants also receive quarterly reports on Plan contributions and investments. *Id.* ¶¶ 17, 18.

In 2012, the Plaintiffs noticed that the new "contributions" on their quarterly statements were smaller than the contributions shown on their pay stubs. ECF No. 1 ¶ 19. For example, during the second quarter of 2012, Henry Arthur's quarterly statement showed no contributions to the Plan although his pay stubs indicated $4.61 per hour had been deducted. *Id.* ¶ 20. The Defendant Companies' benefit administrators have provided no explanation for these discrepancies. *Id.* ¶ 21. Recent pay stubs show continuing deductions, but contributions have not been made during the third quarter of the year. *Id.* ¶ 23.

On October 26, 2012, the Plaintiffs sued the Defendants for violations of ERISA and related claims.[3] On November 24, 2012, the Defendants moved to dismiss Count Three. ECF No. 7. On December 12, 2012, the Plaintiffs responded. ECF No. 10. On December 26, 2012, the Defendants replied. ECF No. 13. On June 4, 2013, the Defendants filed a supplemental motion to dismiss

---

[3] The Class Action Complaint (ECF No. 1) pleads four causes of action on behalf of all participants in the Plan at any time on or after November 1, 2011:
- Breach of ERISA Fiduciary Duties (Count One);
- Prohibited Transactions Under ERISA (Count Two);
- Breach of Contract, Third Party Beneficiary and Maryland Labor Code (Count Three); and
- Declaratory Judgment (Count Four).

3

all claims. ECF No. 14. On June 21, 2013, the Court approved the parties' stipulation extending the Plaintiffs' time to respond to the supplemental motion to dismiss to June 28, 2013. ECF No. 16. On June 28, 2013, the Plaintiffs responded. ECF No. 17. On July 15, 2013, the Defendants replied. ECF No. 18.

II. Analysis

    A. Legal Standard

        1. Failure to State a Claim

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

4

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

2. Subject Matter Jurisdiction

Under Fed. R. Civ. P. 12(b)(1), the Court must dismiss an action if it discovers it lacks subject matter jurisdiction. The plaintiff has the burden of proving the Court has jurisdiction, and the Court must make all reasonable inferences in the plaintiff's favor. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). The Court may "look beyond the pleadings" to decide whether it has subject matter jurisdiction, but it must presume that the factual allegations in the complaint are true. *Id.*

B.   The Defendants' Motions to Dismiss

1.   ERISA Claims (Counts One and Two)

Defendants assert that the Plaintiffs fail to state a claim under ERISA because as service employees,[4] their pensions are governed exclusively by the Service Contract Act (the "SCA")[5] which does not provide a private right of action.[6]  ECF No. 14 ¶ 3.  Plaintiffs contend that the SCA does not foreclose their ERISA action.  ECF No. 17 at 4.[7]

The Defendants alternatively argue that, assuming ERISA applies, Counts One and Two must be dismissed for lack of subject matter jurisdiction because the Plaintiffs failed to serve the Secretary of Labor and the Secretary of the Treasury as required under ERISA.[8]  ECF No. 14 ¶ 2.  The Plaintiffs

---

[4] Under the SCA, a covered "service employee" includes "an individual engaged in the performance of a contract made by the Federal Government."  See 41 U.S.C. § 6701(3)(A).

[5] 41 U.S.C. § 6701 et seq.

[6] See Danielson v. Burnside-Ott Aviation Training Ctr., 941 F.2d 1220, 1227 (D.C. Cir. 1991); Lee v. Flightsafety Servs. Corp., 20 F.3d 428, 431 (11th Cir. 1994); Inkrote v. Prot. Strategies, Inc., No. 3:09-CV-51, 2009 WL 3295042, at *7 (N.D. W. Va. Oct. 13, 2009).

[7] Because the Court will find that the Plaintiffs failed to comply with the procedural requirements necessary to assert an ERISA claim, the Court need not determine whether the SCA would foreclose a valid ERISA claim.

[8] 29 U.S.C. § 1132(h).

contend that ERISA does not require service in this case. ECF No. 17 at 2. The relevant provision of ERISA states:

> A copy of the complaint of *any action under this subchapter* by a participant, beneficiary, or fiduciary (other than an action brought by one or more participants or beneficiaries under subsection (a)(1)(B) of this section which is solely for the purpose of recovering benefits due such participants under the terms of the plan) shall be served upon the Secretary and the Secretary of the Treasury by certified mail.

29 U.S.C. § 1132(h) (emphasis added). The Plaintiffs argue that their first claim for breach of fiduciary duties arises under 29 U.S.C. § 1104,[9] and the service requirement is inapplicable. See ECF No. 1 ¶¶ 38-43; No. 17 at 2. However, § 1104 does not provide an independent cause of action;[10] instead, a claimant can bring a cause of action for breach of fiduciary duty under two

---

[9] 29 U.S.C. § 1104 provides in relevant part that:
    (1) . . . [A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—
        (A) for the exclusive purpose of:
            (i) providing benefits to participants and their beneficiaries; and
            (ii) defraying reasonable expenses of administering the plan;
        (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

[10] The Plaintiffs argument would fail if § 1104 provided a cause of action. That cause of action would be within the same "subchapter" as § 1132(h)—"Subchapter I - Protection of Employee Benefit Rights"—and would be subject to the § 1132(h) service requirement. See 29 U.S.C. § 1104.

sections of ERISA's civil enforcement provisions, §§ 1132(a)(2) and (3).[11]  Because the Plaintiffs' first Count is an "action under this subchapter," the service requirement of § 1132(h) applies.

The Plaintiffs assert that their second Count is exempt from this service requirement as a claim under § 1132(a)(1)(B) to recover benefits due to the Plaintiffs under the terms of the Plan.  *See* ECF No. 17 at 2-3.  The Defendants contend that the alleged unpaid contributions are not "benefits" within the meaning of the § 1132(h) exception.  ECF No. 18 at 2.

Section 1132(a)(1)(B) allows a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the plan."  This provision allows a plan participant to assert his contractual rights under an employee benefit plan.[12]  "Recovery under subsection [§ 1132(a)(1)(B)] is limited to benefits

---

[11] *See* 29 U.S.C. §§ 1132(a)(2), (3); *Korotynska v. Metro. Life Ins. Co.*, 474 F.3d 101, 104, 105, 108 (4th Cir. 2006) (discussing when a claimant can bring a claim for breach of fiduciary duty under § 1132(a)(3)); *Cherepinsky v. Sears Roebuck & Co.*, 487 F. Supp. 2d 632, 635-36 (D. SC 2006) (a claim for breach of fiduciary duty can be brought under § 1132(a)(2) or § 1132(a)(3)).

[12] *See Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1133 (7th Cir. 1992) (claims under § 1132(a)(1)(B) allege that the plaintiff qualifies for the benefits of the plan, but the defendant has failed to abide by the terms of the plan).

already accrued under the benefit plan."[13]  To be within the exception to § 1132(h)'s service requirement, participants or beneficiaries must bring a claim under (a)(1)(B) "which is solely for the purpose of recovering benefits due such participants under the terms of the plan."  See 29 U.S.C. § 1132(h).

Here, the Plaintiffs' second Count is titled "Prohibited Transactions Under ERISA," and alleges that the Defendants engaged in prohibited transactions by withholding money that should have been allocated to the Plaintiffs' retirement funds. See ECF No. 1 ¶¶ 44-46.  This reads more like a claim based on a violation of § 1106 of ERISA, which imposes a duty on fiduciaries to refrain from prohibited transactions,[14] rather than a claim to recover benefits.  This Count does not assert a contractual claim for accrued benefits; instead, it appears to assert a claim based on the Defendants' prohibited transactions - the misappropriation of contribution funds - which is not

---

[13] *Olivo v. Elky*, 646 F. Supp. 2d 95, 99 (D.D.C. 2009) (dismissing plaintiff's § 1132(a)(1)(B) claim because it asserted a claim for past-due contributions instead of a claim for accrued benefits).  *See also Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan*, No. 99-CIV-110242-RCC, 2004 WL 3019500, at *14 (S.D.N.Y. Dec. 29, 2004) (holding a plaintiff could not maintain a suit under § 1132(a)(1)(B) when seeking past-due contributions never made to his account rather than accrued benefits).

[14] *See* 29 U.S.C. § 1106.

properly brought under § 1132(a)(1)(B).[15]  Because, this Count does not allege a claim "solely for the purpose of recovering benefits due [the Plaintiffs] under the plan," it is not a § 1132(a)(1)(B) claim exempted from the service requirement.

There is no indication that the Plaintiffs complied with the service requirement of § 1132(h) by serving a copy of the complaint upon the Secretary of Labor and the Secretary of the Treasury by certified mail.[16]  Thus, the Defendants' motion to dismiss Counts One and Two will be granted.

    2.   Common Law and State Law Claims (Count Three)

In Count Three, the Plaintiffs assert causes of action under the common law of third party beneficiaries and the Maryland Wage Payment and Collection Law.[17]  ECF No. 1 ¶¶ 47-54. Thus, those claims do not raise federal questions. There is no diversity in this case.[18]  There is only supplemental

---

[15] Cf. Olivo, 646 F. Supp. 2d at 99 (equitable claim for past-due contributions based on a breach of fiduciary duty not properly brought under § 1132(a)(1)(B)).

[16] See ECF No. 1; ECF No. 14 ¶ 2; ECF No. 17 at 3 (the Plaintiffs argue that the service requirement of § 1132(h) is not implicated rather than arguing that they complied with the requirement).

[17] Md. Ann. Code, Lab. & Empl. §§ 3-502, 3-503.

[18] The named Plaintiffs are all Maryland citizens and the Defendant Companies are incorporated in Maryland. ECF No. 1 ¶¶ 4, 10.

jurisdiction over the remaining state law claims.  *See* 28 U.S.C. § 1367(a).

Supplemental jurisdiction allows district courts to resolve state law claims that are so related to claims within the Court's original jurisdiction, that "they form part of the same case or controversy."  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).  When a district court "has dismissed all claims [over] which it has original jurisdiction," it may decline to exercise supplemental jurisdiction over the remaining claims.  28 U.S.C. § 1367(c).[19]  The court "enjoy[s] wide latitude in determining whether or not to retain jurisdiction over state claims."  *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).  In deciding whether to exercise discretion to consider supplemental claims, courts generally consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy."  *Id.*  Having dismissed the federal claims in this case at this early stage, the interests of comity and

---

[19] *See also Jones v. Ziegler*, 894 F. Supp. 880, 896 (D. Md. 1995) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, but procuring for them a surer-footed reading of applicable law. Certainly, if the federal law claims are dismissed before trial . . . the state claims should be dismissed as well." (internal quotation marks omitted)).

judicial economy support the dismissal of the state claims.[20] The Court will decline to exercise its discretion to adjudicate the remaining state claims.[21]

### 3. Declaratory Judgment (Count Four)

The Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 without citing a basis for the Court's jurisdiction. ECF No. 1 ¶ 59. "A claim under the Declaratory Judgment Act, even if made, does not confer jurisdiction." *Interstate Petroleum Corp. v. Morgan*, 249 F.3d 215, 221 n.7 (4th Cir. 2001). The declaratory judgment plaintiff must establish federal jurisdiction by alleging either a federal claim against the defendant, or that there would be federal question jurisdiction over a claim the defendant could bring against the plaintiff. *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001). "[W]here jurisdiction is lacking, declaratory relief should be denied." *See Delavigne v. Delavigne*, 530 F.2d 598, 601 (4th Cir. 1976). Because of the nonobligatory nature of the remedy, the district court has discretion to stay or

---

[20] *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.").

[21] The Plaintiffs' motion to dismiss Count Three on ERISA preemption grounds will be denied as moot.

dismiss an action seeking declaratory judgment even when the suit otherwise satisfies subject matter jurisdiction requirements. *See Wilton v. Seven Falls Co.* 515 U.S. 277, 282 (1995).

Here, the Plaintiffs' request for declaratory judgment does not state a federal claim against the Defendants. *See* ECF No. 1 ¶¶ 55-59. The Plaintiffs seek a declaratory judgment to resolve inconsistent interpretations of the drivers' wage payment provisions in contracts between the USPS and the Defendant Companies which are governed by Maryland law. *See id.* Because the resolution of this contract dispute would require the interpretation of Maryland contract law, the Plaintiffs' declaratory judgment claim will also be dismissed.[22]

I. Conclusion

For the reasons stated above, the Defendants' supplemental motion to dismiss will be granted. The Defendants' motion to dismiss will be denied as moot.

_9/10/13_
Date

_William D. Quarles, Jr._ (signature)
William D. Quarles, Jr.
United States District Judge

---

[22] *See also Univ. Gardens Apartments Joint Venture v. Johnson*, 419 F. Supp. 2d 733, 741-42 (D. Md. 2006) (dismissing request for declaratory judgment regarding state law with no independent basis for subject matter jurisdiction, also declining to exercise supplemental jurisdiction over state law claims after dismissing only federal claim).